**MARUBENI AMERICA CORPORATION, Respondent–Appellant,**

v.

**LBA Y.K., Petitioner–Appellee.**

**No. 08–3282–cv.**

United States Court of Appeals, Second Circuit.

June 17, 2009.

Peter E. Calamari (Sanford I. Weisburst, on the brief), Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP, New York, NY, for Appellant.

Partha P. Chattoraj, Markowitz & Chattoraj LLP, New York, NY, for Professor Hans Smit, amicus curiae for Marubeni America Corporation.

Peter C. Thomas, Simpson Thatcher & Bartlett LLP, New York, NY, for Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Respondent-appellant Marubeni America Corporation ("MAC"), a wholly owned subsidiary of Marubeni Corporation, challenges a June 2, 2008 order of the District Court granting the application of petitioner-appellee LBA Y.K. ("LBA") for discovery, pursuant to 28 U.S.C. § 1782, to produce evidence for use in LBA's suit against Marubeni in Japan. On appeal, MAC argues that the District Court erred in (1) failing to consider one of the four factors articulated by the Supreme Court in *Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004) to guide district courts' discretion in considering applications for discovery under § 1782, and (2) misapplying another of *Intel's* factors. We assume the parties' familiarity with the facts and procedural history of the case.

Pursuant to § 1782(a), "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). The Supreme Court has held that this provision "authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." *Intel*, 542 U.S. at 247, 124 S.Ct. 2466. The statutory requirements of § 1782 are met, and a district court may grant an application for discovery, where "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Schmitz v. Bernstein Liebhard & Lifshitz LLP.*, 376 F.3d 79, 83 (2d Cir.2004) (ellipses and internal quotation marks omitted).

"Once the statutory requirements are met, a district court is free to grant discovery in its discretion," and we will review its decision for abuse thereof. *Id.* at 83–84. "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir.2008) (citations and internal quotation marks omitted).

A district court's discretion to provide judicial assistance to "interested persons in a proceeding abroad" under § 1782(a), *Intel*, 542 U.S. at 247, 124 S.Ct. 2466, is "not boundless" but, rather, is guided by several factors—including, in particular, "the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Schmitz*, 376 F.3d at 84 (internal quotation marks omitted).

In *Intel*, the Supreme Court described other "factors that bear consideration in ruling on a § 1782(a) request." 542 U.S. at 264, 124 S.Ct. 2466. The Court reasoned, "[f]irst, when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent

as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* The Court continued, "Second, ... a court ... may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court ... abroad to U.S. federal-court judicial assistance." The Court went on to note that, third, "a district court *could* consider whether the [discovery] request conceals an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265, 124 S.Ct. 2466 (emphasis added). Finally, the Court indicated that "unduly intrusive or burdensome requests may be rejected or trimmed." *Id.* Notably, the Court did not conclude that any of these factors should be given more weight than the others, and it did not hold that any one factor should be dispositive in a district court's analysis.

MAC does not dispute that the LBA's application to the District Court satisfied the statutory requirements of § 1782(a). Further, the foreign court has expressly declined to express a position on petitioner's application for discovery, and MAC does not argue that discovery would necessarily be unduly burdensome. Nevertheless, MAC posits that the District Court erred by misapplying the first and third factors articulated by the Supreme Court in *Intel.* We disagree.

First, MAC's contention that the District Court failed to address the third of the aforementioned factors—whether LBA's discovery "request conceals an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States," *id.* at 265, 124 S.Ct. 2466—is not supported by the record. Before announcing its decision at oral argument, the District Court noted that, inasmuch as there was no dispute as to whether the requirements of § 1782 were met, "the question is whether or not the Court should exercise its discretion under the *Intel* factors." J.A. 221. Although the District Court did not explicitly refer to the third *Intel* factor in announcing its decision, counsel for MAC engaged the District Court in a colloquy on this point during oral argument:

> [Counsel for MAC]: And then the third and separate factor is are you seeking to circumvent the proof gathering? And that is not so much a matter of will you offend the [Japanese] Court, but are you playing fast and loose. Are you trying to gain an unfair advantage? You are right that there's not evidence in the record of what sort of discovery is available in Japan.... They are simply the ones who ought to be able to come forward and simply say we can't get [discovery] there.
>
> THE COURT: There's not really an exhaustion requirement as I understand it.

J.A. 215–16

Shortly after this exchange, counsel continued to press MAC's view that LBA was attempting to circumvent proof-gathering restrictions in Japan.

> [Counsel for MAC]: I think the fact is that there is a procedure [in Japan] and *to the extent they are trying to circumvent it[,] which I think they clearly are[,] the Supreme Court tells you is a factor that should be weighed against them.*
>
> THE COURT: Okay.

J.A. 217 (emphasis added).

Further, we note, as did counsel for MAC before the District Court, that there is no evidence in the record of what discov-

ery would be available in, or is acceptable to, the Japanese District Court in Tokyo. *See* J.A. 216 ("[T]here's no evidence in the record of what sort of discovery is available in Japan."). But even if we assume that the court in Japan, which has a civil-law system, would not permit discovery of the information sought in LBA's application, *see Intel*, 542 U.S. at 261 n. 12, 124 S.Ct. 2466 (citing ALI, ALI/Unidroit Principles and Rules of Transnational Civil Procedure, Proposed Final Draft, Rule 22, Comment R–22E, p. 118 (2004) ("Disclosure and exchange of evidence under civil-law systems are generally more restricted, or nonexistent.")), the District Court's exercise of discretion was not error. In *Intel*, the Supreme Court expressly declined to adopt a rule requiring parties seeking discovery under § 1782 to demonstrate that the information would be discoverable in the foreign jurisdiction. *See Intel*, 542 U.S. at 261, 124 S.Ct. 2466 ("A foreign tribunal's reluctance to order production of materials present in the United States may signal no resistance to the receipt of such evidence gathered pursuant to § 1782(a).").

Second, we decline MAC's invitation to second-guess the weight afforded by the District Court to the first *Intel* factor—whether "the person from whom discovery is sought is a participant in the foreign proceeding," *Intel*, 542 U.S. at 264, 124 S.Ct. 2466. With respect to this factor, the District Court stated, "I certainly take counsel's points that the foreign court theoretically could order the parties to produce the requested evidence. And I, certainly, take counsel's point that the petitioning party here is seeking evidence which probably had its genesis in [Marubeni, in Japan] as opposed to [MAC, in the United States]." JA. 221. The District Court nevertheless, based on its consideration of "the factors cited in the *Intel*

case," *id.*, entered an order permitting limited discovery.

Assuming, for the sake of argument, that MAC is correct insofar as it argues that consideration of the first *Intel* factor should have weighed in its favor, we cannot conclude that the District Court abused its discretion or erred in permitting discovery. Notably, MAC does not dispute that the evidence sought by LBA is available in the United States and meets the statutory requirements for discovery under § 1782(a).

## CONCLUSION

For reasons stated above, the June 2, 2008 order of the District Court is AFFIRMED.